■ In the Matter of CAROL GILDERSLEEVE, Respondent, v BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT No. 24, TOWN OF BROOKHAVEN, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Board of Education of Union Free School District No. 24 to reschedule a hearing pursuant to a collective bargaining agreement and to permit petitioner to use a recording device thereat, the appeal is from so much of a judgment of the Supreme Court, Suffolk County, entered September 13, 1977, as, upon ordering a new hearing, directed the board of education to allow petitioner to use a tape recorder. Judgment affirmed insofar as appealed from, with $50 costs and disbursements. This was a completely frivolous and unnecessary appeal. Martuscello, J. P., Damiani, Titone and Shapiro, JJ., concur.

■ In the Matter of J. RADLEY HEROLD, Appellant, v CARL A. VERGARI, District Attorney of Westchester County, Respondent.—In a proceeding pursuant to CPLR article 78 in effect to compel the respondent to consent to an adjournment in contemplation of dismissal in a pending criminal prosecution, the appeal is from a judgment of the Supreme Court, Westchester County, entered July 19, 1977, which dismissed the proceeding. Appeal dismissed, without costs or disbursements. Petitioner is not an aggrieved party within the meaning of CPLR 5511; it is his client, not he, who is the real party in interest. Were we not ordering the dismissal of this appeal, we would affirm the judgment under review on the opinion of Mr. Justice Walsh at Special Term. Martuscello, J. P., Rabin, Cohalan and Hawkins, JJ., concur.

■ In the Matter of DONALD KOERNER et al., Respondents, v BOARD OF EDUCATION, DEER PARK UNION FREE SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel appellant to comply with the provisions of article 7 of the Public Officers Law, the appeal is from a judgment of the Supreme Court, Suffolk County, entered April 7, 1977, which granted the petition to the extent of directing the appellant to comply with, and observe the requirements of, article 7. Judgment affirmed, with $50 costs and disbursements. The weekly planning sessions of the appellant are patently meetings within the meaning of the Open Meetings Law (Public Officers Law, art 7) *(Matter of Orange County Pub. v Council of City of Newburgh,* 60 AD2d 409). We note that certain subjects raised at the appellant's planning sessions fall within the areas covered by section 100 of the Public Officers Law. As to such subjects, the appellant may conduct executive sessions in accordance with that statute (see *Matter of Orange County Pub. v Council of City of Newburgh,* n 1, p 413, *supra).* Latham, J. P., Rabin, Gulotta and Margett, JJ., concur.